UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dr. Gerald R. Finkel, | 1:19-CV-3075 |
| *Petitioner*, | |
| – against – | **Not for Publication** |
| IAG Electric, Inc., | |
| *Respondent*. | **Opinion & Order** |

ROSS, United States District Judge:

Petitioner, Gerald R. Finkel, chairman of the Joint Industry Board of the Electrical Industry, petitions this court to enforce an arbitration award against IAG Electric, Inc. *See* Pet., ECF No. 1. Respondent, IAG Electric, has failed to appear or oppose this petition. Because the award survives the applicable standard of review, I grant the petition.

## BACKGROUND

The Joint Industry Board administers several employee-benefit plans, to which participating employers in the electrical industry are obliged, by a collective-bargaining agreement, to make periodic contributions. *See* Award 1–2, ECF No. 1-9; Collective Bargaining Agreement art. II, §§ 3–9, ECF No. 1-2. Under the agreement, such employers are required to send contributions for most of these benefit plans to the board itself, but with respect to one plan, the Deferred Salary Plan, employers are to send their contributions to Prudential Financial, Inc. *See* Award 2–3 & n.1. IAG Electric is an employer in the electrical industry that has signed on to the collective-bargaining agreement. *See* IAG Agreement, ECF No. 1-1. Disputes that arise under the collective-bargaining agreement are subject to binding arbitration. *See* Collective Bargaining Agreement art. I, § 2(e).

In early 2019, petitioner alleges, IAG Electric failed to make required contributions to some of the plans, including the Deferred Salary Plan. *See* Pet. ¶¶ 11–12, 25. The board notified IAG Electric of its intent to arbitrate this dispute, and despite being informed of the arbitration, IAG Electric failed to participate. *See* Award 3–4. On April 15, 2019, after a hearing, the arbitrator determined that IAG Electric owed the board $22,843.16 in delinquent contributions, $62.57 in interest, $183.93 in "additional interest," $6531.16 in liquidated damages, and $5050.00 in attorney's fees, arbitration fees, and administrative costs. *Id.* at 6. And the arbitrator determined that IAG Electric owed Prudential $9812.66 in delinquent contributions and $195.87 in interest. *See id.*

In this action, the board is seeking a judicial confirmation of the arbitration award, as IAG Electric "has failed to abide by the Award." Pet. ¶ 32. Nevertheless, because the board "has recovered [certain] Contributions" (*id.* ¶ 34),[1] petitioner is now seeking only $2930.68 of the delinquent contributions owed it and only $2151.06 of the delinquent contributions owed Prudential, in addition to the full, other amounts awarded by the arbitrator (*see id.* ¶ 35). As in the arbitration, IAG Electric has failed to respond to the petition or otherwise appear in this action. *See* Order to Answer, June 24, 2019.

### DISCUSSION

**A.** **The Arbitration Award**

An unanswered petition to confirm an arbitration award is properly "treated as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Consequently, I "may not grant the [petition] without first examining [petitioner]'s submission to determine if [he] has met [his] burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d

---

[1] Petitioner does not explain how.

241, 244 (2d Cir. 2004)). "Even unopposed motions for summary judgment must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Vt. Teddy Bear*, 373 F.3d at 244).

That said, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *Id.* (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). "Only 'a barely colorable justification for the outcome reached' by the arbitrator[] is necessary to confirm the award." *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, SEIU*, 954 F.2d 794, 797 (2d Cir. 1992)).

"In a case involving a collective bargaining agreement, 'the Court evaluates whether the arbitrator "acted within the scope of his authority,"' and an award will be confirmed as long as it 'draws its essence from the collective bargaining agreement.'" *Dolan v. Barile Mech., Inc.*, 933 F. Supp. 2d 634, 638 (S.D.N.Y. 2013) (citation omitted) (first quoting *Trs. of the N.Y.C. Dist. Council of Carpenters v. Exec. Millwork Corp.*, No. 11-CV-6264 (LTS), 2013 WL 265084, at *3 (S.D.N.Y. Jan. 22, 2013); then quoting *United Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)). "An award satisfies this standard if the 'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority.'" *Trs. of Empire State Carpenters v. Allied Design & Constr., LLC*, 217 F. Supp. 3d 671, 675 (E.D.N.Y. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

This highly deferential standard is met here. The arbitrator found that IAG Electric failed to "timely remit contributions required by the CBA" and declared that IAG Electric was liable to the board and to Prudential in the amounts that were unpaid, plus interest, additional interest, liquidated damages, and attorney's fees, arbitration fees, and administrative costs. Award 5–6. All components of this award are provided for in the board's Policy for the Collection of Delinquent Contributions (*see* Policy art. II, § E, ECF No. 1-3), which is itself

3

incorporated into the collective-bargaining agreement (*see* Collective Bargaining Agreement art. II, § 12(a)). And the particular amounts awarded were drawn from the evidence in the record. *See* Award 8–9. In short, I see no "manifest disregard for the law or any other reason why [I] should deny the motion to confirm." *Trs. of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 429 (S.D.N.Y. 2008). The arbitration award is confirmed.

**B.     Attorney's Fees and Costs**

As just noted, attorney's fees and costs are explicitly recoverable by the board in actions against delinquent employers. *See* Policy art. II, § E(2). Here, petitioner seeks $1070.00 in attorney's fees and costs in connection with the instant petition. *See* Pet. ¶ 44. Specifically, petitioner requests $595.00 for 1.7 hours of work at $350 per hour and $475.00 for "court filing fees and service charges." *Id.* ¶¶ 42–43; *see also* Invoice, ECF No. 1-10.

A reasonable attorney's fee "is calculated by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate." *Trs. of Empire State Carpenters*, 217 F. Supp. 3d at 676 (citing *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)). What constitutes a reasonable hourly rate depends on "the district in which the reviewing court sits" (*id.* at 677 (quoting *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011))), the attorney's level of experience (*see Bergerson*, 652 F.3d at 290), and the "type of work involved" (*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 n.2 (2d Cir. 2008)).

In this case, I find that 1.7 hours is a reasonable amount of time to have spent in preparation of the petition. The requested hourly rate, however, is substantially greater than that which petitioner's attorney, Nicole Marimon, has lately been awarded in this district on virtually identical matters. *See, e.g.*, *Trs. of Ne. Carpenters v. Cali Enters., Inc.*, No. 18-CV-3556 (JFB), 2019 WL 2076784, at *6 (E.D.N.Y. May 10, 2019) (awarding $200 per hour, reduced

from requested $225 per hour); *Trs. of Ne. Carpenters v. State Wide Installation, Inc.*, No. 18-CV-6074 (DRH)(AYS), 2019 WL 2109855, at *5 (E.D.N.Y. Apr. 24, 2019) (awarding $225 per hour, as requested), *adopted by* 2019 WL 2106176 (E.D.N.Y. May 14, 2019); *see also Trs. of Local 7 Tile Indus. Welfare Fund v. Larsen Marble & Tile, LLC*, No. 18-CV-1025 (ARR)(SMG), 2018 WL 6363923, at *6 (E.D.N.Y. Nov. 19, 2018) (awarding $200 per hour, reduced from requested $265 per hour), *adopted by* 2018 WL 6344188 (E.D.N.Y. Dec. 5, 2018). In light of these decisions, I find that a reduced rate of $250 per hour is a reasonable hourly rate for Ms. Marimon's services in a case of this nature. I thus award petitioner attorney's fees in the amount of $425.00.

As for costs, "the party seeking reimbursement . . . carries the burden of providing the Court adequate substantiation in the form of receipts and other documents not only showing such costs were incurred, but that they were paid." *Kindle v. Dejana*, 308 F. Supp. 3d 698, 705 (E.D.N.Y. 2018). That said, "where reimbursement is sought for a filing fee . . . , a Court may take judicial notice of the fact that the fee was paid by virtue of entries in the docket." *Id.*

In his brief, petitioner states that, "[b]y the time the instant petition is filed, [he] will have incurred $475 in costs arising from the service fee and filing fees." Br. 7, ECF No. 4. This prediction notwithstanding, petitioner nowhere substantiates any of his expenditures. From my review of the docket, however, I take judicial notice of petitioner having paid a $400 filing fee in connection with this action. Petitioner is thus awarded costs in the amount of $400.

## CONCLUSION

For the foregoing reasons, the petition is granted and the arbitration award is confirmed. The Clerk of Court is directed to enter judgment for petitioner awarding the following damages:

a. $2930.68 in delinquent contributions, to the Joint Industry Board;

b. $246.50 in interest, to the Joint Industry Board;

c. $6531.16 in liquidated damages, to the Joint Industry Board

d. $5050.00 in fees and costs related to the arbitration, to the Joint Industry Board;

e. $2151.06 in delinquent contributions, to Prudential Financial, Inc.;

f. $195.87 in interest, to Prudential Financial, Inc.; and

g. $825.00 in attorney's fees and costs.

So ordered.

____/s/_____
Allyne R. Ross
United States District Judge

Dated:    July 19, 2019
          Brooklyn, New York